IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH P.,[1]

       Plaintiff,

v.                                 Case No. 2:25-cv-00270-DHU-LF

FRANK BISGIANO,[2] Commissioner
of the Social Security Administration,

       Defendant.

## **<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

THIS MATTER comes before the Court on plaintiff Kenneth P.'s "Case Briefing" (Doc.

17) filed on October 14, 2025.  Plaintiff is proceeding pro se, and the Court construes this

document as a motion seeking an outright award of benefits for the one-year period prior to his

initial application for disability benefits in April of 2023.  *Id.* at 3 ("I am simply asking the court

to give retro benefits as to what the law allows which is one year prior to the initial application

for disability in April of 2023.").  Plaintiff's motion was fully briefed on January 14, 2026.  *See*

Docs. 17, 19, 21.  United States District Judge David H. Urias referred this case to me "to

perform any legal analysis required to recommend to the Court an ultimate disposition of the

case." Doc. 22.  Having read the briefing and being fully advised in the premises, I find that the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] On May 6, 2025, Frank Bisgiano was sworn in as Commissioner of Social Security. Consequently, Mr. Bisgiano has been "automatically substituted as a party."  FED. R. CIV. P. 25(d).  Because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case.  *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

Administrative Law Judge (ALJ) applied the correct legal standards and her decision is supported by substantial evidence.  I therefore recommend that the Court DENY Plaintiff's motion and AFFIRM the Commissioner's decision.

## I.        Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

2

being supported by substantial evidence.'"  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

##  II.      Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show:  (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[4] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61.  If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

---

[4] 20 C.F.R. pt. 404, subpt. P, app. 1.

### III.   Background and Procedural History

Plaintiff was born in 1962, has a bachelor's degree in physics, and lives by himself in Branson, Missouri.  AR 51, 179, 238, 241.[5]  He has worked as a front desk associate and supervisor, a night auditor, and a salesman.  AR 81.  He filed an application for Disability Insurance Benefits ("DIB") on April 11, 2023, alleging disability since April 7, 2019, due to back problems (lumbar spine), circulation problems, and heart problems.  AR 68.  The Social Security Administration ("SSA") denied his claim initially and on reconsideration.  AR 73, 82.  Plaintiff requested a hearing before an ALJ.  AR 101.  On May 1, 2024, ALJ Talia Timmins held a hearing.  AR 47.  ALJ Timmins issued her unfavorable decision on July 12, 2024.  AR 33.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024.  AR 28.  At step one, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since April 7, 2019, his alleged onset date.  *Id*.  At step two, the ALJ found that beginning on June 2, 2023, Plaintiff's degenerative disc disease of the thoracic and lumbar spine was a severe impairment.  AR 29–30.  At step three, the ALJ found that Plaintiff's severe impairment did not meet or medically equal a Listing.  AR 30.  Because the ALJ found that Plaintiff's impairments did not equal a Listing, the ALJ assessed Plaintiff's RFC.  AR 30.  The ALJ found Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) except the claimant can occasionally climb ladders, ropes, or scaffolds; and can frequently climb ramps and stairs, kneel, crouch, crawl, and stoop.  *Id*.

At step four, the ALJ concluded that Plaintiff had no past relevant work.  AR 32.  At step five, the ALJ found that no jobs existed in significant numbers in the national economy that

---

[5] Document 11 is the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

4

Plaintiff could perform. *Id*. The ALJ thus found Plaintiff disabled at step five, beginning on June 2, 2023. AR 33.

Plaintiff requested that the Appeals Council review the ALJ's partially unfavorable decision. AR 10. On November 5, 2024, the Appeals Council denied the request for review. *Id*. Plaintiff timely filed his appeal to this Court on March 14, 2025. Doc. 1.[6]

**IV.    Analysis**

Plaintiff argues that his disability began "many years before June 2, 2023" and seeks "retro benefits" for "one year prior to [his] initial application for disability benefits in April of 2023." Doc. 17 at 2. He argues that his degenerative disc disease occurred gradually over the course of decades, *id.* at 2, and describes his work history and how it relates to his back problems over time, *id.* at 2–3. He states, "I am not even asking the court to give me retro benefits dating back to April 7, 2019 when I stopped working (the initial date of disability set by my lawyer group and myself). I am simply asking the court to give retro benefits as to what the law allows which is one year prior to the initial application for disability in April of 2023." *Id.* at 3.

Defendant responds that the earliest medical evidence that Plaintiff provided was from June 2023 (AR 29, 301, 304–09), which showed degenerative changes in his thoracic and lumbar spine at that time. Doc. 19 at 5. Indeed, Plaintiff's counsel admitted that the earliest records began in 2023. *See id.* at 6. Because a medically determinable impairment "must be established by objective medical evidence from an acceptable medical source," and no medical source

---

[6] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 11. The Appeals Council granted an extension for thirty additional days on February 10, 2025. AR 2. Because this extension began five days from the date on the letter (i.e., February 15, 2025), Plaintiff's appeal was timely. *See id.*

predates June 2023, the Commissioner argues that the onset date of June 2, 2023, is appropriate. *Id.*

Plaintiff responds that "it is preposterous to say that the initial day of disability is June 2, 2023" because "[f]or that to be true, I would have had to be severely injured on that day by some kind of auto accident or major fall." Doc. 21 at 1. Rather, he argues that because the evidence indicates that his degenerative disc disease is a condition that developed slowly over time, he should qualify for benefits that begin earlier than the date he first obtained medical evidence. *Id.* at 2.

Plaintiff admits that no medical evidence documents his disability prior to June 2, 2023. *See id.* ("The reason I did not have any medical evidence of my back issue before June 2, 2023 is because I never even thought of getting disability until March 30, 2023 . . . ."). Certainly, degenerative diseases take time to develop. "Where the medical evidence does not establish the precise onset date, the ALJ may have to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process." *Pounders v. Berryhill*, No. 1:17-cv-00465 KBM, 2018 WL 3104432, at *6 (D.N.M. June 22, 2018) (internal quotation marks omitted). In the face of such uncertainty, however, the ALJ still must rely on the *evidence*. If no medical evidence exists to support an earlier onset date, the ALJ does not err by failing to speculate about how much earlier the disability might have developed.

On appeal, the Court's decision is a limited one: whether the ALJ's determination of disability was supported by substantial evidence. It is not the Court's job to reevaluate the evidence and make a new decision; rather, the Court intervenes only if the ALJ made a decision that is unsupported by substantial evidence or applied incorrect legal standards. Here, the ALJ based her decision on the evidence in the record, which did not prove that Plaintiff was disabled

before June 2, 2023.  Even if Plaintiff's disability began earlier, there is no evidence in the record to suggest a potential earlier onset date.  The ALJ did not err by establishing the onset date at the earliest date reflected in the evidence.

## V.      Conclusion

For the reasons stated above, I find the ALJ applied the correct legal standards and her decision is supported by substantial evidence.  I therefore recommend that the Court DENY Plaintiff's Motion (Doc. 17) and AFFIRM the Commissioner's decision.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*. **In other words, if no objections are filed, no appellate review will be allowed.**

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE